UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHANTHAN CHHOT** | **CASE NO. 3:25-CV-01172 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KEITH DEVILLE ET AL** | **MAG. JUDGE MCCLUSKY** |

MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order (ECF No. 3) filed by the petitioner, Chanthan Chhot ("Petitioner"). The respondents, Keith Deville,[1] Brian Acuna,[2] and Todd Lyons[3] (collectively "Respondents") oppose (ECF No. 8), and Petitioner filed a Reply (ECF No. 9).

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

I. BACKGROUND

Petitioner is a Cambodian national. *See* ECF No. 5 at 1. He was previously ordered removed in 2004, but Cambodia refused to repatriate him. *See id*. Given Cambodia's refusal, U.S. Immigration and Customs Enforcement ("ICE") determined that it could not remove Petitioner and accordingly released him on supervised release in 2005. *Id.* at 2. Fast forward to May 5, 2025, ICE arrested Petitioner to again remove him from the United States. *Id.* According to the "Notice of Revocation of Release," served on Petitioner at arrest, ICE determined that Petitioner was

---

[1] Warden of Richwood Correctional Center, where Petitioner is currently housed.
[2] Acting Director of the New Orleans Field Office of U.S. Immigration and Customs Enforcement.
[3] Acting Director of U.S. Immigration and Customs Enforcement.

removable, and additionally, that he violated the terms of his supervised release when he was arrested for disorderly conduct in 2013. *See id.*; *see also* ECF No. 8 at 7–8. Contending that ICE has no reason for newly determining Petitioner removable, Petitioner brings the instant habeas petition. *See generally* ECF No. 5.

Most relevant here, Petitioner also moved for a temporary restraining order ("TRO"), *see* ECF No. 3, seeking to have ICE restrained from removing Petitioner from the Western District of Louisiana during the pendency of these habeas proceedings. *Id.* at 6. Petitioner contends, *inter alia*, that he is likely to succeed in showing his continued detention to be unreasonable, and that he will suffer irreparable harm as he "expects ICE" to seek his "removal to a third country, such as South Sudan," if Cambodia refuses repatriation again. *See* ECF No. 3-1 at 9–10, 15–16. Respondents do not believe Petitioner to be entitled to a TRO. *See* ECF No. 8.

While this Order was being drafted, circumstances changed. Respondents have obtained travel documents for Petitioner to return to Cambodia, and Petitioner is being removed (or, by the time this Order is docketed, has been removed) thereto. *See* ECF No. 11. Petitioner narrowed his injunctive request to, at a minimum, defer his removal for a week to allow him to settle his affairs stateside and coordinate arrival in Cambodia. *See id.* Petitioner contends that this is demanded by the 2005 "Release Notification" issued to Petitioner, which provides that, once travel documents are obtained, Petitioner would "be given an opportunity to prepare for an orderly departure." *See* ECF No. 5-3 at 21. Respondents counter that orderly departure is reserved for those on supervised release at the time of removal. More below.

## II. LAW AND ANALYSIS

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *See id.*

An alien's post-removal-period detention under 8 U.S.C. § 1231 is limited to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court has found that once the removal period begins, six months is a reasonably necessary period to remove the alien. *See id.* at 701. After six months, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Id.* Regardless of whether removal is foreseeable, detention would still be appropriate where there is clear and convincing evidence that the alien poses a danger to the community. *Id.* at 691.

Here, Petitioner is unlikely to succeed on the merits of his habeas petition because he has been adjudged removable, and Cambodia has issued travel documents to effectuate his repatriation there. *See id.* at 701; *see* ECF No. 11. Petitioner has not

been held for more than six months with no prospect of removal. *See Misirbekov v. Venegas,* 1:25-CV-00168, 2025 WL 2201470 (S.D. Tex. Aug. 1, 2025). And Petitioner has had a post-revocation interview in accord with 8 C.F.R. § 241.13. *See Wing Nuen Liu v. Carter*, No. 25-cv-03036-JWL, 2025 WL 1696526, at *2 (D. Kan. Jun. 17, 2025) (finding "that officials did not properly revoke petitioner's release pursuant to [§] 241.13" because "and most obviously ... petitioner was not granted the required interview upon the revocation of his release."). Simply put, because there is a "significant likelihood of [Petitioner's] removal in the reasonably foreseeable future," and nothing otherwise constitutionally untoward about his removal, he cannot succeed under *Zavydyas*. 533 U.S. at 701.

"Because [Petitioner] fails to show a substantial likelihood of success on the merits of the case, the Court need not analyze the other TRO prongs. Nevertheless, even if [Petitioner] were likely to prevail on the merits, the Court finds that [Petitioner] would not suffer irreparable harm absent the extraordinary remedy of a TRO." *First Sec. Bank v. W & W Farms, Inc.,* 2:19-CV-91-Z, 2020 WL 570814, at *10 (N.D. Tex. Feb. 4, 2020)**.** Petitioner has not been threatened with imminent removal to a third country. *See J.R. v. Bostock,* 2:25-CV-01161-JNW, 2025 WL 1810210, at *4 (W.D. Wash. June 30, 2025) (finding a TRO warranted where "the Government has twice attempted to remove J.R. to third countries with very short notice."). Rather, as explained above, he is being removed to Cambodia. True, it is not on the schedule he wishes, *see* ECF No. 11, but the Court is not convinced that the Release Notification, *see* ECF No. 5-3 at 21, provides an independent ground to halt his

deportation. In that vein, and for what it's worth, the Court agrees with Respondents that the terms of that document appear to apply to those on supervised release at the time of removal and conditioned upon "proper behavior" and adherence to the law. *See id.* Petitioner violated the terms of his supervision by breaking the law, and his supervision was revoked. *See id.* at 27. So, the Court sees no daylight for a modified, narrowed TRO under these circumstances either.

### III.   CONCLUSION

For the above reasons,

**IT IS ORDERED** that Petitioner's Motion for a Temporary Restraining Order (ECF No. 3) is **DENIED.**

**IT IS FURTHER ORDERED** that the parties each provide a brief to the Court on whether further briefing on the underlying habeas Petition (ECF No. 5) is necessary given this Order, and Petitioner's imminent removal. These briefs are due Friday, September 5, 2025.

**MONROE, LOUISIANA**, this 2nd day of September, 2025.

_____
Terry A. Doughty
United States District Judge